

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00445-CR

---

ERVIN JOSE OSORIO MIRANDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 64th District Court
Castro County, Texas
Trial Court No. A4209-2205, Honorable Danah L. Zirpoli, Presiding

---

October 8, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Ervin Jose Osorio Miranda, appeals his conviction for continuous sexual abuse of a young child[1] and sentence to thirty years of confinement. Appellant's appointed counsel filed a motion to withdraw, supported by an *Anders*[2] brief. On June 13, 2024, we abated the appeal and remanded this cause to the trial court to address certain omissions in

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b).

[2] *See Anders v. California*, 386 U.S. 738, 744 (1967).

the appellate record and make findings of fact and conclusions of law as required by article 38.22, section 6, of the Code of Criminal Procedure. The trial court has since filed findings of fact and conclusions of law. Before the appeal could be reinstated, Appellant's counsel filed a second motion to withdraw because he recently accepted employment with the Harris County Public Defender's Office and will be unable to maintain appointed cases in Castro County.

The trial court is responsible for appointing counsel to represent indigent defendants in criminal cases, as well as relieving or replacing appointed counsel. Accordingly, we reinstate the appeal and, again, remand the cause to the trial court. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(j)(2). Upon remand, the trial court shall determine (1) whether Appellant still desires to prosecute the appeal; (2) whether to grant Appellant's counsel's new motion to withdraw; and (3) if the motion to withdraw is granted, whether Appellant is indigent and entitled to appointment of new counsel.

If the trial court grants the motion to withdraw and appoints Appellant new counsel; the name, address, email address, phone number, and State Bar number of any newly appointed counsel shall be included in the court's findings. The trial court may also enter such orders necessary to address the aforementioned questions. The trial court's findings and any orders issued shall be included in a supplemental clerk's record to be filed with this Court by November 7, 2024.

It is so ordered.

Per Curiam

Do not publish.